NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 12 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AARON STEWART; TIERRA HARVEST, LLC, a Washington limited liability company, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> CITY OF TACOMA, <br><br> Defendant - Appellee, <br><br> and <br><br> EXTRA SPACE STORAGE, COUNTY OF PIERCE, <br><br> Defendants. | No. 25-4271 <br><br> D.C. No. 3:23-cv-05786-BHS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted August 5, 2026
Seattle, Washington

Before: HAWKINS, McKEOWN, and CHRISTEN, Circuit Judges

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Tierra Harvest, LLC, and its sole proprietor, Aaron Stewart (together, "Stewart") seek reversal of the summary judgment dismissal of their Fourth Amendment, due process, and state-law conversion and negligence claims against the City of Tacoma ("the City"). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Because the City is the only named defendant in the lawsuit, Stewart must establish municipal liability for his Fourth Amendment and procedural due process claims. *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). There are "three ways" to satisfy this requirement: (i) the government "acts pursuant to an expressly adopted official policy," (ii) there is "a longstanding practice or custom," or (iii) "the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Hartzell v. Marana Unified Sch. Dist.*, 130 F.4th 722, 734 (9th Cir. 2025) (citation modified).

Arguing under the third route, Stewart points to two purported final policymakers: Sergeant Smith, the officer who authorized destruction of the hemp, and Deputy City Attorney Michelle Yotter, who wrote a letter denying Stewart's demand for reimbursement. Neither qualifies as a final policymaker for *Monell* purposes.

Beginning with the police sergeant, Stewart points to Smith as a final policymaker for the first time in this appeal. This is not one of the "exceptional circumstances" in which this Court considers an argument raised for the first time on appeal. *See AMA Multimedia, LLC v. Walmart*, 970 F.3d 1201, 1213–14 (9th Cir. 2020) (listing the circumstances). In any event, the police sergeant is not a "final policymaker" such that the City can be found liable for his actions. *See Trevino v. Gates*, 99 F.3d 911, 920 (9th Cir. 1996) ("police officers who shot [robbery suspect] were not 'officials with final policy-making authority'").

As for the deputy city attorney, Stewart fails to advance legal argument or provide evidence to support that Yotter was an official who had final policy-making authority under Washington state law. *See Barone v. City of Springfield, Oregon*, 902 F.3d 1091, 1107 (9th Cir. 2018). While deputy attorneys can be given the same authority as principal attorneys such that they have some final policy-making authority, *see Webb v. Sloan*, 330 F.3d 1158, 1166 (9th Cir. 2003) (deputy district attorneys in Nevada were final policymakers), the opposite can also be true, *Christie v. Iopa*, 176 F.3d 1231, 1237–38 (9th Cir. 1999) (deputy prosecutors in Hawaii were not final policymakers). This inquiry turns on the degree of authority delegated by statute, not just whether a subordinate can make constrained discretionary decisions. *See Webb*, 330 F.3d at 1165–66. Stewart fails to satisfy this inquiry. Yotter's letter denying Stewart's claim of damages therefore does not establish *Monell* liability.

Stewart next argues under the second route that there was a "custom of destroying suspected marijuana without testing, notice, or an opportunity for the owner to challenge the seizure." Even viewing the evidence in the light most favorable to Stewart, it does not show a custom "so 'persistent and widespread' that it constitutes a 'permanent and well settled city policy.'" *Trevino*, 99 F.3d at 918 (quoting *Monell*, 436 U.S. at 691)). Stewart relies heavily on a police lieutenant's testimony that there is a "custom" of destroying suspected contraband. But the surrounding testimony makes clear that if there is any custom, it is one of making decisions on a "case-by-case assessment" of "reasonable[ness]." At most, the evidence allows a jury to infer an "*ad hoc* practice," but not a widespread custom, and is therefore insufficient to support municipal liability. *See Trevino*, 99 F.3d at 919–20.

Stewart also argues the City should be held liable because its failure to train officers led to the destruction of his hemp. In support of this, Stewart merely cites his expert's opinion that the individual officers acted unreasonably and therefore the City must have failed to train them out of deliberate indifference to his rights. This falls short of establishing municipal liability. *See Kirkpatrick v. County of Washoe*, 843 F.3d 784, 794 (9th Cir. 2016) ("Satisfying this standard requires proof that the municipality had actual or constructive notice that a particular omission in their training program will cause municipal employees to violate citizens' constitutional

25-4271

rights.") (citation modified). *Monell* liability is "at its most tenuous where a claim turns on a failure to train," and Stewart fails to overcome this burden. *Vanegas v. City of Pasadena*, 46 F.4th 1159, 1167 (9th Cir. 2022) (citation modified).

Because Stewart fails to establish municipal liability under any theory, the grant of summary judgment on his Fourth Amendment and procedural due process claims was appropriate.[1,2]

**AFFIRMED.**

---

[1] Stewart waived his state law negligence and conversion claims by failing to adequately brief them in his opening brief. *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929–30 (9th Cir. 2003).

[2] Stewart's additional arguments regarding Extra Space Storage's noncompliance with Washington's self-service storage statute are inapposite. *See* RCW §§ 19.150.040, 19.150.060. Extra Space Storage was dismissed earlier in the litigation, is not named as a defendant in the Third Amended Complaint, and Stewart does not challenge the company's dismissal from the case in this appeal.

25-4271